**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-50139 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01753-BAS |
| v. | |
| LEANDRO FELIPE REGALADO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Leandro Felipe Regalado appeals from the district court's judgment and challenges his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C. § 1291, and we dismiss.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Regalado contends that the district court erred by not sua sponte offering him an opportunity to withdraw his guilty plea after the parties discovered that the pre-plea criminal history report had mistakenly concluded that he was not a career offender. The government responds that the appeal waiver in Regalado's plea agreement bars this appeal. Reviewing de novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), we conclude that the waiver is enforceable.

Regalado first contends that the waiver is unenforceable because the parties' mutual mistake of fact rendered his plea involuntary. The written plea agreement expressly stated that Regalado could be found to be a career offender and explained the effect that would have on the calculation of his Guidelines range. Additionally, at the change of plea hearing, the district court informed Regalado that the Guidelines calculation could be different from counsel's estimate and that the choice of sentence was within the court's sole discretion. Finally, Regalado never sought to withdraw his plea in the district court, even after he learned of the mistake regarding his career offender status. On these facts, we conclude that Regalado's plea was knowing and voluntary.

Regalado next contends that the appeal waiver is unenforceable because the district court violated Federal Rule of Criminal Procedure 11(b)(1)(N) by failing to confirm that he understood the terms of his waiver. We review for plain error, *see*

*United States v. Ma*, 290 F.3d 1002, 1005 (9th Cir. 2002), and find none. The court explained to Regalado that he was waiving his right to appeal even if "you don't like the sentence that I ultimately give you." Regalado confirmed that he understood. Even if the court erred by failing to recite the terms of the waiver more specifically, that error did not effect Regalado's substantial rights. *See id.*

**DISMISSED.**